Case number 21-5128. In re-application of Los Angeles Times Communications LLC to unseal court records. Los Angeles Times Communications LLC appellant versus United States. Ms. Townsend for the appellant, Ms. Dinello for the appellate. All right, the court will allow 15 minutes for petitioner and then 10 minutes for the government with petitioner having a right to reply. And then we will adjourn briefly to go into an ex-party session where the government will continue its argument. Counsel for petitioner may proceed. Thank you. Good morning, Your Honors. May it please the court. The clearest path to the proper disposition of this appeal is the common law. The government does not dispute, nor could it, that the sealed search warrant application and related materials at issue here are judicial records, and thus subject to a strong presumption of public access under the common law. Accordingly, in ruling on the Los Angeles Times motion to unseal those materials, the district court was required under this circuit's precedent to apply the six-factor Hubbard test and maintain those materials under seal only if it concluded that sealing was necessary after considering all of the relevant facts and circumstances of this particular case and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts. The district court did not do so here. Rather than apply the Hubbard factors to determine whether the public's common law right to inspect these specific judicial records was overcome and whether redaction was feasible, the district court instead crafted a bright-line rule holding that the public's common law right is always categorically overcome as to an entire class of judicial records, search warrant materials related to law enforcement investigations that have not been, quote, This bright-line test, even if it were applicable on the facts here, which it is not, is wholly incompatible with the very fact-specific, non-categorical six-factor Hubbard test, and it is irreconcilable with this court's decisions, including its recent 2020 decision in Emory-Leopold that make clear that the Hubbard factors must be applied to ensure that courts fully account for all of the relevant private and public interests at stake. Simply put, the district court rule... Can I just ask, I mean, it's a little bit of an awkward conversation, of course, because I can't drill down into particulars and you don't know the particulars, so I apologize about that. But isn't it true at a fairly high level of generality that there is no tradition of openness with respect to investigatory materials investigating criminal investigations that are either ongoing or closed and did not result in the government filing any charges? To the contrary, there's a pretty strong tradition that the government doesn't release materials like that. There is a strong tradition of access, Your Honor, particularly relevant to both the common law analysis and the First Amendment analysis to search warrant materials post-execution. And in fact, the government's brief acknowledges that, that frequently, most frequently, following execution of a warrant, not just the warrant and the return are unsealed and made public, but the search warrant application and supporting materials are as well. The fact or status, let's say, of a government's investigation, whether there is an ongoing investigation, whether the investigation is closed, other facts and circumstances that may be relevant don't go to whether or not the right of access applies in the first instance, but rather speak to whether or not and to what extent the right of access might be overcome in a particular case. And I think that's what the beauty, quite frankly, of the Hubbard test and why it's served as this court's lodestar for decades. It takes into account the specific facts and circumstances of the case. It would take into account or should have taken into account, for example, the strength of the privacy interests, any privacy interests asserted here in light of the fact that Senator Burr himself had acknowledged the investigation at many points in time, publicly had acknowledged the fact of the search warrant connected to the investigation. When he stepped down the following day from his chairmanship of the Senate Intelligence Committee, there was lots of information that would have effect that should have come into play with respect to the district court's analysis of the six Hubbard factors, factors that were just completely not addressed at all by the district court in in her opinion. I'd like to point out, Your Honor, the fact that this appeal is the L.A. Times first opportunity to argue that a categorical approach to sealing judicial records is clear legal error under the circuit's precedent. I think it's an unfortunate result of the wholly sealed ex parte nature of the proceedings below. Not only did permitting the government to make all of its arguments, including purely legal arguments under seal, deprive the public of its right of access to the government's briefing, but it also deprived the L.A. Times of a fair opportunity to confront and counter the arguments made by the government. And as a result, it appears to have significantly distorted the outcome in the district court. Had the L.A. Times known, for example, that the government would argue to the district court that it was dispositive, that DOJ had not, quote, publicly acknowledged its investigation into stock trades made by Senator Burr and Gerald Faust, the senator's brother in law, who is himself a high level federal government official. The L.A. Times could have and would have pointed out to the district court the fact that a DOJ spokesman had confirmed closure of that investigation to multiple news outlets. And it most certainly would have argued to the district court, as it has argued to this court, that as a legal matter, that is not the correct test to begin with. As I stated in response to Judge Katz's your questions, the status of the investigation, whether or not charges have been filed, the extent of information in the public domain about the investigation and the source of that information, including whether, as here, the targets of the investigation as a public official has spoken publicly about the investigation. These are specific facts and circumstances that a district court considers and must consider when applying Hubbard. One of the questions I had is accepting your point about being disadvantaged because you didn't know specifically how the government was going to argue. You did know about the factors, and there was nothing to bar your client, as I understand it, from arguing beyond what it knew the government had argued in this case, if you understand what I'm trying to say. In other words, you knew about certain facts, not only regarding the senator, but other matters, and those matters could have been identified for the district court in terms of the Hubbard factors. No? Or am I just misunderstanding what your position was before the district court? And we did, Your Honor. When we moved to unseal those materials, signed the Hubbard test, pointed the district court to relevant facts. We were not aware at the time, and quite frankly, it's surprising that the government would take the position that this investigation that had been widely reported on by the media, that had been spoken about not just by Senator Burr, but by Senate Majority Leader McConnell, that this was a non-public investigation. We weren't anticipating a situation where the entire proceedings, including every piece of the government's argument below, would be sealed and that we would have no opportunity to disclose that. But in fairness to you and your client, you knew the factors were there, and you knew that the district court had to address them. And to make your strongest case, why wouldn't you have just put forth for the district court in anticipation that the government either might make certain arguments or not point out certain matters? I'm just not clear about that. I understand, obviously, in these ex parte proceedings, you're at a disadvantage. But here where you're coming in, and I understand your point about the common law right of access, you have to overcome the presumption. But given the question Judge Katsas argued, not argued, but asked you about, isn't it generally understood how these closed investigations or ongoing investigations into the possibility of criminal conduct are handled at the department? I'm just not clear about that. In other words, it may not have anything to do with how this case is resolved. But I just wanted to understand in my own mind that while you may have come in thinking you had a clear right, nevertheless, you had to anticipate that maybe the government would take a different position. And for reasons, perhaps, that Judge Katsas' question signaled. And we did, Your Honor, make a showing below with respect to our understanding based on the public statements made by Senator Burr, based on confirmation by DOJ spokesmen that the Department of Justice investigation, at least, was closed. We certainly understand, based on the most recent disclosures made by the SEC in October, that the SEC has an ongoing, or at least did as of October, have ongoing investigations, insider trading investigations, into Senator Burr's trades, into Mr. Faust's trades. To the extent that... Well, I have some experience working with the media, and the media doesn't take things at face value and has all kinds of contacts within the departments. And I'm just surprised that some of these matters weren't pursued, although I can understand why a prosecutor might have not cooperated in any way with answering your questions. Well, at the time that the district court entered its ruling, though it was not a named DOJ spokesperson, multiple news outlets reported that the DOJ had confirmed that the investigation was closed. We now, again, know from more recent SEC public filings that the investigation Department of Justice also confirmed to Mr. Faust that its investigation into his trades were closed as well. That's information that he disclosed on the public docket. I think the salient point, Your Honor, is that even though... And I understand that you're limited in the way that you can ask me questions, and I'm somewhat, therefore, limited in the way that I can respond. But I think the salient point is that even in a situation like perhaps this situation where the district court is required to redact certain facts that it might deem relevant to an unsealing motion, that doesn't relieve the district court of its obligation to apply each of the Hubbard factors. But my questions, excuse me, counsel, but my questions are premised on the notion that litigants often don't assume that the other party is going to make its arguments. And in this situation, Your Honor, I think the LA Times motion to unseal cited the Hubbard factors, indicated that the right was not overcome, particularly where here is pointing to the specific privacy interests that might be implicated here. With respect to Senator Burr, that he had publicly acknowledged the investigation. This is a situation involving warrant targeting a sitting United States senator. The public interest was particularly strong. Those arguments were made to the district court. I think what the LA Times was not anticipating and could not have anticipated, quite frankly, based on this circuit's precedent and the way that the Hubbard factors are typically applied, is that the government would presumably argue for, and the district court would apply, a bright line test that ignored those facts. No, I understand, but was the argument presented to the district court, for example, that once Senator Burr had publicly stated that the investigation, he had received notice that the investigation was closed, that, while that didn't tell anyone anything about the extent of the investigation, still, wasn't that an acknowledgment that there was an investigation? That's all I'm trying to get at here. We framed it within the context, and I would frame it, Your Honor, within the context of the Hubbard factors. The fact that Senator Burr was upfront about and public about the existence of the investigation indicates a diminished privacy interest in not disclosing. I think this goes to the heart of precisely what's, frankly, wrong with the district court's ruling, which is that the district court, for example, took into account potential stigma to Senator Burr, and perhaps Mr. of being associated with this investigation, when that cat was well out of the bag, and that shouldn't have been a factor, therefore, in considering whether or not the common law presumption was overcome in this particular case. Your Honor, I realize I have just one thing, sorry, the history with respect to search warrants, is that relevant to determine whether these are common law judicial records or only for your First Amendment claim? The tradition of public access is relevant to the First Amendment claim, Your Honor. This circuit's precedent looks, with respect to application of the common law, to whether or not the records are judicial records. They're judicial records based on the role they play in the adjudicatory process, so I don't think there's any question that these are judicial records. How would history, if at all, factor into the Hubbard factors, other than maybe privacy interests? Do we have precedent factoring history of access into the Hubbard factors? I don't mean to mix categories here, but I'm trying to sort of figure out how that might bear on anything. Or is it simply that you might have overlapping privacy arguments in the two contexts? I think there may be overlapping arguments. And I don't mean to suggest that the status of a government's investigation is irrelevant, for example, to the Hubbard analysis, to the strength of the property and privacy interests that might be implicated, which can include government law enforcement interests, for example. So it isn't as though that's an irrelevant factor. But I think it's built into the Hubbard test with respect to the under the common law. And I think here, particularly given the more recent disclosures by the SEC, which I think also not only call into question the need for sealing, but I think call into question, quite frankly, that the information that's been provided to this court by the government, the information that was provided to the district court by the government below what representations were made, if any, about the SEC's claim need for continued secrecy, when it appears that the SEC has not claimed any law enforcement need at all whatsoever for continued secrecy in more recent filings that it has made in the Southern District of New York. So I think particularly in light of those more recent facts, all of that, all of that, Your Honor, goes into the hopper, let's say, of the Hubbard analysis. It's all part of the specific facts and circumstances that courts should look at when determining whether and to what extent the right is overcome. The SEC disclosure wasn't before the district court. Is that something we would apply here on our own or would we have to remand for the district court to do that? So I think it's it's I would say those disclosures are relevant for I'd make three points there, Your Honor. I think, one, this court has its own independent obligation to determine the appropriateness of maintaining its own records under seal, which includes the redacted portions of the government's brief that we have moved to unseal that motion is pending before your honors. The appendix, which consists of the records below, as well as after today, the transcript of the ex parte portion of oral argument, which we would also ask be unsealed to the greatest extent possible. So this court has an independent obligation. Obviously, the current state of information in the public domain is relevant to this court's determination that in more directly to your question. No, Your Honor. With respect to the record that was before the district court, the additional further acknowledgments that have now been made by the SEC were not before the district court. At the same time, as we argued in our opening brief before we even saw those additional disclosures, the district court failed to apply the Hubbard test, which is an error of law. There were key facts that weren't that were not applied. And so I don't think with respect to remand that it's an either sort of either or all or nothing response. I think our our position is that the court should reverse. There are likely pieces of information that this court will determine, particularly now, in light of the SEC's disclosure disclosures cannot and should not remain under seal. We would take the position that those materials should be unsealed or that information should be unsealed immediately to the extent there are closer questions. We recognize that it's this court's practice to remand to the district court to apply the Hubbard factors in the first instance. So I think that sort of hybrid approach would be appropriate. Appropriate here, Your Honor. All right. Anything further? Thank you. Let us hear from the government. May it please the court. Elizabeth Dinello for the United States. The district court did not err in denying the motions to unseal. Before I go any farther, let me just note that for the purpose of convenience at this oral argument, I will refer to the alleged search warrant as the search warrant. That is not intended as a public acknowledgement of the existence of the search warrant. And like appellant, I will focus on the district court's ruling under the common law. What this court has called the broader but weaker right of access. The district court here was well aware of the presumption of access. It knew that the target of the search warrant was a sitting United States senator. And it acknowledged appellant's argument that there was a particularly strong public interest in disclosure. But based on the full record, the court found that compelling individual privacy and government interests outweighed the public's interest in disclosure. That was a proper balancing under Hubbard and the court. Can you point me? Point me in the district using the public opinion, of course. Where are the discussion discussion section by the district court? You say is where do you find that court factoring in the presumption in favor of disclosure and and the arguments in favor of disclosure or addressing the arguments of public interest in disclosure raised by LA Times? The court first page, the court first reference page. At page five of the court. That's the background. That's the background section. I'd like to know where in the analysis. So that's why I said in the discussion section, which starts on page 10. Well, let me just go straight to the conclusion on page nine, where the court finds that. Assuming that these materials exist, that various privacy and government interest in the contents of the search warrant materials would outweigh the public's interest in disclosure. That's right. That's the end of the balancing analysis, but I don't see any actual discussion or there's no acknowledgement in the analysis section here of the presumption of the arguments. It's just described as like a generic public interest in disclosure. There's no discussion of public status, what the nature of a privacy interest is or isn't. I mean, it's really pretty. It's all it seems to talk about is, I mean, nature of privacy interest from the public interest perspective, obviously. The court here, I mean, to start, Your Honor, district court, as in any case, is presumed to know and apply the law. The court here was obviously well aware of the law in Hubbard, which it laid out, it obviously dealt with before. There's a pretty clear precedent that even when you say the test, but if you don't, if your application doesn't reflect the test, just saying the test up front, but when you get to the actual application, we can't discern it. Very smart judge, no doubt, knows what the law is, but in the analysis section, I think we're all having, you're having trouble as well as me. All you've got in your analysis section is, would outweigh the public's interest in disclosure. Well, the court a number of times uses outweigh, override, indicating that it is doing a balancing. Furthermore, nothing in either Hubbard or any of the cases that follow require a judge to do a factor by factor analysis. Indeed, we're not aware of any authority that where there's a judicially created multi-factor test, a judge has to explain. We've been pretty clear that this is a case-by-case, the Hubbard test is a case-by-case, record-specific application. And so the problem here isn't that, you know, the district court didn't sort of number them and go through them with little headings or anything like that. I think, as your answer just pointed out to me, is we can't even find a sentence in the analysis section acknowledging or discussing the public interest in favor of disclosure. That's more than just a technical argument that they didn't sort of march through every little thing. But the whole point of this litigation was the appellant's argument that there was this heightened public interest and needed disclosure. The district court, in its opinion, in its public opinion, was in a difficult position because it was being asked to assess and explain to the public and to appellant why it was denying these motions to unseal without revealing whether in fact... But how would discussing the public interest, acknowledging the public interests in disclosure, right, they've been able to articulate public interests in disclosure without... The district court did a pretty fine job of assuming things and arguing that way, as you've been doing here. Right. And my point is that here, it was a given coming in. The court had obviously read the pleadings. It quoted at page 7 the appellant's argument that there was a particularly strong public interest at stake. It was aware of appellant's arguments in the pleadings that there was a heightened public interest, that the public and the media needed access to these materials in order to scrutinize the grounds for the search warrant. So here, the whole context of the litigation is this argument that there is a heightened public interest. And so in the district court, in this opinion... It's just a heightened public interest, a presumption in favor... Assuming these records exist, there's a presumption in favor of their disclosure. It's judicial records. I'm not talking about First Amendment claim here. I'm talking about the common law one. There's a presumption in favor of disclosure. Which is a heightened public interest. There's a presumption and that presumption gets us to an already skewed balance, which we also have to pile on the public interest. Assuming these documents exist, what is the public interest? Again, the district court here is presumed to know and apply the law correctly. And there's nothing to indicate that the court here didn't understand the law. And if I may, Your Honor, just move on because I see already I'm running short on time. Just want to respond to a couple points of appellant. The court here did not... A little more on that. I suspect we'll give you time to make your points. But I mean, you're right. The government... I'm sorry. The district court could not put on the public record whatever interests, if any, would cut in favor of maintaining confidentiality, if any. Right? But on the other side of the balance, you're talking about activities of a sitting senator. You're talking about allegations of insider trading, which is by members of Congress, which is currently very much in the public discourse. And district court can talk about all of that. And there's not even a sentence about it. And there are no confidentiality limits on the district court's ability to acknowledge that. On that side of the balance, talk about those considerations and weigh them. Well, if the question is whether the court could have written its opinion in a different way, yes, it could have. Whether the court is concerned that the district court didn't know and apply the law correctly, there's no indication here that the court did not. In fact, the court's reference to the particularly strong interest indicates that the court was sensitive to the heightened public interest in this case. The opinion is what it is. Erin, the privacy and now there's some discussion, obviously generically, about privacy interests and closed investigations. Assuming there was such a thing here, just like you will just assume it for the purpose of this point. Where is there any discussion or recognition of diminished privacy interests when someone's a public official? Conduct involves their performance of public duties. This isn't a case we've had other cases about. Even if you're a public official, something very private going on in your life. That's not this case, as it's brought to us. At least as the LA Times has laid out, there's plenty of reporting. You have Senator Burr on the record talking about this matter, certainly, when he says it was closed. Mitch McConnell talking about an investigation. Where did the district court factor that in to the discussion of the privacy problem? The short answer is the district court did not express that. How Senator Burr's position might factor in. It didn't address that aspect of privacy. It only addressed one side of the privacy arguments in this case. Right. But the court also recognized, this goes to your question about Senator Burr's public announcement, that the court recognized there's a second distinct privacy interest by a target. And that is in the contents of the investigative materials. And where is here you have... I agree the district court talked about privacy on one side here, but you just agreed with me, this court didn't even talk about privacy, the other side of the privacy balance. No, I think we are reading the court's opinion correctly. The court didn't mention that. But what I'm suggesting, Your Honor, is that the court, nonetheless, is presumed to have understood these interests and appropriately recognize the countervailing interests on the other side. I just want to just follow up, though, on your point about Senator Burr's acknowledgement of the investigation and respond to Ms. Townsend's point that he also acknowledged the search warrant. He did not. He never said anything about the existence of the search warrant, nor has the Department of Justice, nor has the SEC. The only basis for the media reports is that unauthorized disclosure by the unnamed law enforcement official. He did say the FBI came to visit. I'm just giving a quote here of what he said. There are plenty of reasons that the FBI can come visit, including coming and asking for consent to search. That certainly doesn't disclose the fact of the search warrant. Or, as the district court pointed out, he still has a privacy interest in the contents of the materials and their potentially privacy interests. But then there's countervailing arguments as to, speaking all hypothetically here, countervailing privacy concerns or reduced privacy concerns that aren't discussed. The district court had a brief line about the fact that there had been public reporting. It didn't seem to matter. I forget the exact. These are on page Joint Appendix 12. These interests are no less great where some of the relevant information has been reported on in the news media. On the other hand, we have case after case that has found extensive media coverage very relevant under the Hubbard factors. How does this opinion address that aspect of Hubbard under our case law? Where does it put weight on that? Well, again, you're asking me where in the opinion that we're both reading at the same time, Your Honor. What the court did recognize was that there had been no acknowledgement by the government of the search warrant or any disclosure of the contents of the materials. Regardless whether there was common knowledge of the investigation, Member Hubbard, too, at page 318, when it talks about the public access factor, talks about access through legitimate public channels. There are a lot of news articles, news reports about a supposed search warrant as well. Right, but they all derive from the same source. No. No. Many, many of them named their own sources. All right, well. A variety of sources in the articulations that I read. I think what we're pressing you on is, is the government's position that the district court adequately considers the Hubbard analysis by reciting the factors and adding a conclusory statement about the ultimate analysis by the district court. Because contrary to a statement I thought you made earlier, and maybe I misunderstood what you said, we have remanded a number of cases to the district court to complete a Hubbard analysis. And simply reciting the factors is not enough, simply the presumption that the district court applies the law correctly is not enough. And I realize these are very fact specific. But your statements here and in your brief seem to be close to saying, if you acknowledge you know about this test, if you recite the factors so we know you're aware of the factors, and you have a conclusory statement, that's enough. And yet, I think our circuit president has strongly indicated that's not enough, wouldn't you agree. The district court did not simply recite the factors, and then have a conclusory statement at the end. Well what I'm getting at is that Judge Millett's questions have honed in on the fact that we don't have an analysis as such. The district court, well first let me just back up and say that where the court has remanded, it's because either the district court, as in Leopold added a factor that was not relevant to the Hubbard test, or more typically, the district court has not applied Hubbard at all. Here the district court did engage in a balancing, as evidenced by its use of words like override and outweigh. The district court simply didn't go into the level of detail that the court is suggesting was required. Why wouldn't it be preferable to have the court deal in some detail with these factors, so that at least by the time the case comes to appeal, if it comes to appeal, we don't have the situation that we have now, where we can't find things, we don't see things, and given that there is a presumption here, wouldn't that be a more appropriate way for the district court to proceed? That's all I'm trying to understand, and I don't quite understand the government's argument, and I realize you're hindered in responding but at this point where the case is on appeal, and the question is whether the district court abused its discretion in its application of the Hubbard test, the district court did not err as a matter of law, because the opinion reflects that it did apply the Hubbard test and did do a balancing. So what it comes down to are two problems that I'm hearing articulated. One is that the court didn't express in more detail how it was weighing the factors, and certainly that would have been helpful. But was that an abuse of discretion? We suggest not. Just to correct, I'm sorry, in any detail, it's not a question of more detail, in any detail at all. And so that's the way in which we have to ask the abuse of discretion standard. So if you could answer in any detail, not in more detail, that's a very different abuse of discretion question. Well, the district court did recognize, and admittedly in a cursory manner, the particularly strong public interest in access. So it wasn't as if the court ignored that factor altogether. But taking your point, Judge Millett, even if it's any detail, the district court here was not required to weigh the particular factors. When a judge is analyzing sentencing factors under 1353A, a judge is not required to explain how it weighs any particular factor. All that's necessary is that the court consider the factors and explain it so that the public and this court can review it. And here the court did that. We said that same analysis applies to hubertifactors in the common law, right? A judicial actress access with its very powerful presumption in favor of disclosure. Do you see a pattern in our cases that we treat it the same way we do 1353 sentencing factor discussions? Well, the point is that with any time that a district judge is asked to engage in a balancing test, and here we start with a presumption, yes. This proposition of law you're pronouncing that any time there's a multi-factor test, we treat them all the same. Our precedent says we don't require to march through things. If there's some generic body of law that says any multi-factor test, good enough for government work is the rule. And I'm asking whether you discern in our precedent, our hubert precedent in common law right of judicial access precedent, that same sort of attitude. There may be reasons for differences with different legal issues, different statutory, different multi-factor tests. Well, first, Your Honor, I just want to take issue with the expression you used, good enough for government work, because we in the government try and turn square corners. So I do not accept that analogy. So that said, when you say, do I discern that in the court's case law in Hubbard and cases since then, there's nothing in those cases to suggest that the traditional rules that apply when judges are asked to apply their discretion in weighing factors is any different for Hubbard than it is in other contexts. If the court now finds that Hubbard is different and that a judge is required to express how it weighs certain factors, then write that opinion and remand to the district court. But our point is that based on the court's case law as a whole, we don't see any requirement for the district court here to do more than explain how it reached the decision it did. All right. Anything further? Yeah. Just kind of, I guess I'll ask you this in private too, but just in general on the SEC disclosures. If you assume for the sake of argument that there are judicial records and that some of the materials discussed in the SEC filings overlap with some of the issues addressed in any judicial records that might exist, don't we at least have to remand? For the district court to consider the extent to which the SEC filing undercuts the continued basis for keeping any records secret? If the SEC's pleadings disclosed a substantial amount of the materials that were in the search warrant materials, then that could be a basis for remand. I can't answer the court's question in public session. Right. All right. So why don't we hear from counsel for petitioner? Thank you, Your Honor. And just briefly to respond to a few points made by Ms. Dinello. I think this court's precedent is clear that the district court is obligated to apply the six-factor Hubbard test with specificity to account for all the various private public interests at stake and to set forth its reasoning with sufficient specificity in order for it to be reviewed by this court. Most recently in CNN v. FBI, this court dealt with a district court order that did purport to apply each of the Hubbard factors. This court found reversible error because each of the factors wasn't applied correctly and didn't take into account what this court deemed to be important additional national security context that was implicated in that case. You can go back to the 1980s to NRA National Broadcasting Company, where this court found reversible error because the district court that would have purported to apply the Hubbard test did not gave, quote, short shrift to the interest in favor of disclosure in that case. So the notion that this court's precedent, existing precedent, doesn't support a requirement that the district court apply Hubbard with specificity I think is unsupported. I want to be clear, too, that our objections to the district court's order are not mere semantics. They're not just about how the district court authored the opinion because it felt constrained in terms of what it could put into the public record. It is evident from the face of the order that the district court considered interests that may be present in other cases but are decidedly not present here, including purported stigma to Senator Burr from disclosure of the existence of the DOJ's investigation. At the same time, it is also evident from the face of the order that the district court did not consider interests decidedly present here. I think the district court's reliance on WP2 and its conclusion that that district court decision dictated the results underscores that the district court was doing exactly what the district court said it was doing, which was applying a categorical rule that, quote, no disclosure of search warrant materials would be appropriate in a closed nonpublic investigation that has not resulted in criminal charges and where privacy and governmental interests may be implicated, which is effectively any case in which the government has not, quote, acknowledged the existence of the investigation in a very seemingly very particular way. So this is not just a semantics issue. It's not a dispute about the district court's reasoning not being fulsome enough. We think it is evident from the opinion itself that the district court applied the wrong standard, which is, as this court has made clear in Leopold and in CNN against FBI, though motions to unseal, decisions to seal and unseal are typically reviewed for abuse of discretion. To the extent the court applied the wrong standard, that is a legal, that is legal error. With that, Your Honor, we would, we would ask if there are no additional questions that the court reversed. Thank you, counsel. Thank you, counsel. Um, we will continue argument ex parte, and the deputy clerk, please close this argument and advise us when we may proceed with the ex parte argument. This honorable court is now adjourned until Friday, February 4th at 930am.
judges: Rogers, Millett, Katsas